# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BRUCE JOHNSON, et al.,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **EDWARD ORTON JR. CERAMIC FOUNDATION, et al.,** <br><br> **Defendants**. | Case No. 19 cv 06937 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION & ORDER

On October 21, 2019, Defendant Edward Orton, Jr. Ceramic Foundation ("Defendant" or "Orton"), timely removed this case from the Circuit Court of Cook County to the Northern District of Illinois. Plaintiffs Bruce and Deborah Johnson moved to remand [34]. Defendant simultaneously filed a response to Plaintiffs' motion to remand [37] and its own motion for leave to supplement the Notice of Removal [36]. For the reasons that follow, Defendant's motion to supplement [37] is granted, and Plaintiffs' motion to remand [34] is denied.

## BACKGROUND

Plaintiff Bruce Johnson has malignant pleural mesothelioma, a fatal cancer. (Dkt. 34 at 1). Johnson and his wife, both citizens of Illinois, filed the instant action in the Circuit Court of Cook County on November 9, 2018 against eleven defendants. (*Id*. at 2) Plaintiffs' complaint pleads three counts: 1) a products liability claim for products containing or contaminated with asbestos based in negligence; 2) a products

liability claim for products containing or contaminated with asbestos but with intent or reckless disregard; and 3) a loss of consortium claim. For each count, Plaintiffs seeks compensatory damages in excess of $50,000, for a total amount in controversy of at least $150,000.

According to Orton, removal was not possible due to a single non-diverse Defendant. (Dkt. 1 at 1) The matter was set for trial in state court on November 4, 2019. (*Id.* at 3) Several weeks before trial, on October 14, 2019, Plaintiffs' counsel announced that Plaintiffs had entered into a settlement agreement with several Defendants, including the single non-diverse Defendant. (*Id.* at 1) A few days later, Defendant Orton filed a Notice of Removal based on diversity jurisdiction. (*Id.*) The Notice of Removal alleges that the remaining two Defendants are not citizens of Illinois. Specifically, the Notice alleges that Defendant Orton is a foundation organized under the laws of the State of Ohio with a principal place of business in Ohio. (*Id.* at 3) Thus, according to the Notice of Removal, Defendant Orton is a citizen of the State of Ohio. As for the second Defendant, Orton alleges that Defendant Vanderbilt Minerals, LLC, is a limited liability company organized under the laws of the State of Delaware. (*Id.*) R.T. Vanderbilt Holding Company, Inc. is the sole member of Vanderbilt Minerals, LLC, and is incorporated under the laws of the State of Delaware with a principal place of business in Delaware. (*Id.*) According to Orton, Defendant Vanderbilt Minerals is a citizen of Delaware for diversity purposes.[1] (*Id.*)

---

[1] *See Thomas v. Gaurdsmark,* 478 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members.").

Plaintiffs moved to remand, arguing that there is no evidence as to the citizenship of Defendant Orton and that any amendment to add new jurisdictional allegations should be denied as untimely. (Dkt. 34 at 3, 5) In particular, Plaintiffs argue that Orton is not a foundation, but a trust, and that the citizenship of several trustees cannot be determined for the purposes of diversity jurisdiction. (*Id.* at 3-4) Defendant filed a response to Plaintiffs' motion to remand and its own motion for leave to supplement its Notice of Removal. (Dkt. 37; Dkt. 36) Orton concedes that it is a trust—not a foundation—created by the Last Will and Testament of Edward Orton (the "Will"). (Dkt. 37 at 3) Orton additionally provides information regarding the citizenship of each trustee.

## **LEGAL STANDARD**

A defendant may remove a case to federal court if there is a basis for federal subject matter jurisdiction. 28 U.S.C. §§ 1441(a), 1446. The party seeking removal bears the burden of establishing federal jurisdiction. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). The Court must interpret the removal statute narrowly, and any doubts regarding jurisdiction are resolved in favor of remand. *Wirtz Corp. v. United Distillers & Vitners N. Am., Inc.*, 224 F.3d 708, 715-16 (7th Cir. 2000).

Removal to federal court is proper when diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A notice of removal must usually be filed within 30 days of a defendant being served, receiving a copy of the complaint, or, as in this case, receipt of any notice "from which it may

3

first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The 30-day deadline is not jurisdictional, but is strictly applied. *Pinnacle Performance v. Garbis*, No. 12 C 1136, 2012 U.S. Dist. LEXIS 55485, at *3-7 (N.D. Ill. April 20, 2012) (citing *Walton v. Bayer Corp.*, 642 F.3d 994, 998 (7th Cir. 2011)). After the 30-day removal period, a defendant may amend "defective allegations of jurisdiction" only with the court's permission. *See* 28 U.S.C. § 1653.

## DISCUSSION

### 1. Timeliness of Jurisdictional Supplement

Plaintiffs argue that Defendant Orton's supplemental allegations regarding the citizenship of the parties should be denied as untimely because more than 30 days have lapsed since Defendant filed its Notice of Removal. (Dkt. 34 at 5) (citing *Stein v. Sprint Communications Co., L.P.,* 968 F. Supp. 371, 376 (N.D. Ill. 1997)). Defendant responds that its allegation in the Notice of Removal identifying Orton as a foundation is a technical defect that may be amended after the 30-day period for removal has expired. (Dkt. 37 at 8-9)

Federal district courts sitting in Illinois interpret 28 U.S.C. § 1653 to permit amendment of technical defects in a notice of removal after the 30-day period expires. *See e.g., Mathur v. Hospitality Props. Trust*, No. 13 C 7206, 2014 U.S. Dist. LEXIS 169912, at *4 (N.D. Ill. Dec. 8, 2014); *Howell v. Joffe,* 478 F. Supp. 2d 1014, 1018 (N.D. Ill. 2006) (allowing removing party to file supplemental jurisdictional allegations to cure defect relating to the citizenship of each partner of a general partnership even though the 30-day time period had run); *Pinnacle Performance v. Garbis*, No. 12 C

4

1136, 2012 U.S. Dist. LEXIS 55485, at *3-7 (N.D. Ill. April 20, 2012) (granting defendants leave to amend their notice of removal after the 30-day deadline, where the notice failed to allege the citizenship of one of the defendants). Courts generally permit parties to cure technical defects, but they do not permit parties to assert new jurisdictional grounds after the 30-day deadline has passed. *See Stein v. Sprint Communications Co., L.P.,* 968 F. Supp. 371, 376 (N.D. Ill. 1997) (after the 30-day period, the court denied defendant's request to assert a new jurisdictional basis as untimely); *see also Tuholski v. Delavan Rescue Squad, Inc.,* No. 13 C 1093, 2013 U.S. Dist. LEXIS 113114, at * 8 (N.D. Ill. Aug. 12, 2013).

Here, the basis of federal jurisdiction has not changed; it is still diversity jurisdiction. The Notice of Removal asserts diversity as the basis for jurisdiction and alleges that none of the defendants are citizens of the same state as the Plaintiffs. Regarding Defendant Orton, the Notice states that Orton is a foundation organized under the laws of the State of Ohio. (Dkt. 1 ¶ 30) Plaintiffs identified Defendant Orton as a trust, not a foundation, and noted that Orton failed to identify the citizenship of the trustees. (Dkt. 34 at 3); *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 100 S. Ct. 1779, 64 L.E.2d 425 (1980); *see also White Pearl Inversiones S.A. v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011) (a trust's citizenship is determined by that of its trustees). Defendant acknowledges that Defendant Orton is, in fact, a trust and seeks to provide the Court with additional facts regarding the trustees' citizenship. Orton further argues that "any failure to identify Orton as a trust is a mere technical defect that does not affect this Court's jurisdiction," and that the defect is easily curable.

5

(Dkt. 37 at 2) The Court agrees with Orton. Given that Orton is not asserting new jurisdictional grounds but merely correcting its defective allegations, the Court grants Defendant's motion to supplement its Notice of Removal [36] and will consider the new information provided.

## 2. Diversity of Citizenship

Both parties agree that the citizenship of a trust is determined by the citizenship of the trustees. *Hicklin Engineering, L.C. v. Bartell,* 439 F.3d 346, 348 (7th Cir. 2008); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("Trusts are not natural persons; no trust is a 'resident' of Kansas. The citizenship of a trust is the citizenship of the trustee or trustees") (citing *Navarro Savings Ass'n*, 446 U.S. at 458). In their motion to remand, Plaintiffs argue that the Court lacks diversity jurisdiction because "the citizenship of [Orton's] trustees can never be determined for the purposes of diversity." (Dkt. 34 at 4) Plaintiffs claim the trustees include The Ohio State University, the United States Bureau of Standards, and the American Ceramic Society. (*Id.*) Plaintiff notes that neither state universities nor federal agencies are citizens for the purposes of diversity jurisdiction. (*Id.*); *State Highway Commission of Wyoming v. Utah Const. Co.*, 278 U.S. 194, 49 S. Ct. 104, 73 L. Ed. 262 (1929); *General Ry, Signal Co. v. Corcoran*, 921 F.2d 700 (7th Cir. 1991). For the American Ceramic Society, Plaintiff argues that the citizenship of a Society depends on the citizenship of all its members, and the American Ceramic Society has over 11,000 members. (Dkt. 34 at 5) Thus, according to Plaintiffs, the citizenship of the trustees cannot be determined. (*Id.*)

6

Defendant Orton counters that Plaintiff incorrectly identifies the trustees as organizations, and notes that the number and identity of trustees changed in 2004.[2] (Dkt. 37 at 7) While Plaintiff claims the Will assigns trustee positions to various organizations, according to Defendant "[t]he trustees are, and have always been, specific individuals *selected by* organizations or representatives." (*Id.* at 7-10) (emphasis added) Defendant identifies the trustees as Jonathan W. Hinton, Ph.D., a citizen of Florida appointed by the American Ceramic Society; Stephen W. Freiman, Ph.D., a citizen of Maryland appointed by the American Ceramic Society; James C. Williams, Ph.D., a citizen of Florida appointed by the President of The Ohio State University; Rudolph G. Buchheit, Ph.D., a citizen of Kentucky appointed by the President of The Ohio State University; and Richard R. Stedman, Esq., a citizen of Ohio appointed by the Franklin County, Ohio Probate Court.[3] (*Id.* at 4) None of the trustees are citizens of Illinois. Because Plaintiffs are citizens of Illinois, the Court finds there is complete diversity of parties.[4] Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332.[5] Plaintiff's motion to remand is denied.

---

[2] "In 2004, the Franklin County Probate Court granted an Application for Approval of Change in the Manner of Selecting Trustees." (Dkt. 37 at 3) Under the new terms, Orton's trustees consist of two persons selected by the President of The Ohio State University, two representatives of the American Ceramic Society selected by the Board of Trustees of said Society, and a reputable attorney to be selected by the Probate Court of Franklin County, Ohio. (*Id.* at 3-4)

[3] This citizenship information comes from the trustees' affidavits. (Dkt. 37 at 4-5). Affidavits submitted in support of diversity jurisdiction offer competent proof of citizenship to the Court. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (stating that affidavits may be used to demonstrate diversity).

[4] Plaintiffs do not contest the citizenship of the second Defendant, Defendant Vanderbilt Minerals, LLC. The Court notes that Defendant Vanderbilt is a citizen of Delaware, not Illinois, and therefore does not affect the Court's diversity analysis. The Court finds complete diversity of parties.

[5] Both parties agree that the amount in controversy requirement is satisfied, as Plaintiff has competently alleged at least $150,000 in damages.

## **CONCLUSION**

For the reasons stated above, the Court denies Plaintiffs' motion to remand [34] and grants Defendant's motion for leave to supplement the Notice of Removal [36].

E N T E R:

Dated: December 17, 2019

MARY M. ROWLAND
United States District Judge